UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE: PHENYLPROPANOLAMINE (PPA) PRODUCTS LIABILITY LITIGATION, | MDL NO. 1407 |
| _____ | ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT |
| This document relates to: | |
| *Walter Bouligny o/b/o Carrie Bouligny v. Bayer Corporation, et al.*, No. 3-cv-2091. | |

Defendants Bayer Corporation ("Bayer") and Wyeth move this court for summary judgment pursuant to Rule 56(c) of the Federal Rules of Civil Procedure on the grounds that plaintiff's claims are barred by the applicable prescriptive period that governs tort actions under Louisiana law. Plaintiff opposed the motion.[1] Having reviewed the motion, plaintiff's opposition and the reply

---

[1] Initially plaintiff failed to timely oppose the motion; however, on October 20, 2006, the court received a letter in which plaintiff stated that he may have counsel who is willing to represent him in this case (plaintiff was previously represented by counsel in this matter). The court ordered plaintiff to notify it by December 12, 2006 whether he will be represented by counsel or will continue to proceed *pro se*, and in the event he will continue *pro se*, he must file his response to the summary judgment motion by December 22, 2006. Thereafter, plaintiff timely notified the court that he will continue on a *pro se* basis and filed his opposition to the motion.

ORDER

thereto, the court hereby finds and rules as follows:

    The limitations period for tortious conduct under Louisiana law is governed by Article 3492 of the Louisiana Civil Code, which provides that tort actions are subject to a limitations period of one year from the date of injury or the date damage is sustained. *See* La. Civ. Code Art. 3492. Under Article 3492, a plaintiff has the burden of proof in establishing facts that would have the effect of interrupting or avoiding the one year limitations period when it appears on the face of his complaint that the claims were not filed within the one year time-frame. *Id*. Here, according to plaintiff's complaint, plaintiff's decedent allegedly sustained her first stroke in August of 1985, yet the plaintiff did not institute his action against Wyeth and Bayer until January 28, 2003–more than sixteen years after the decedent's stroke. In his opposition, plaintiff admits that he "found out" about phenylpropanolamine ("PPA") "around 1996 or the middle part of 96." Opp. Brief at 1. He further acknowledges that he decided to file suit after learning that the product his mother allegedly ingested before her stroke contained PPA. *Id*. He claims he discovered this in the "late 90s or 2000s." *Id*.

    Consistent with plaintiff's statements in his opposition brief is his own deposition testimony wherein he repeatedly acknowledged that he "knew" at the time of his mother's strokes, which began in 1985, and up until the time of her death in 1996, that the PPA-containing product she ingested was the cause of her

ORDER

strokes. *See* Motion, Ex. C at pp. 55-57, 74-75, 77, 97-98, 163-164, and 261-262. Therefore, based on plaintiff's own testimony, he was on notice of his possible claim against defendants (at the very latest) at the time of his mother's death in 1996. Plaintiff did not filed suit until January 28, 2003, well beyond the one year limitations period. Plaintiff has failed to establish facts that would interrupt the this one year period. *See*, *e.g.*, *Matthews v. Sun Exploration & Production*, 521 So.2d 1192, 1197 (La. 1988)(holding that plaintiff will be deemed to know that which he could have learned by reasonable diligence). Accordingly, plaintiff's claims are time-barred.

Based on the foregoing, the court hereby GRANTS defendants' motion for summary judgment and plaintiff's claims are dismissed with prejudice.

DATED at Seattle, Washington this 9th day of February, 2007.

BARBARA JACOBS ROTHSTEIN
UNITED STATES DISTRICT JUDGE

ORDER